CREASAP ET AL. v. BOWER ET AL.

1. **Garnishment**: JURISDICTION: PRACTICE. Where a garnishee had answered that he was not indebted, it was *held* that the question of his liability could be raised in the garnishment proceedings by his co-garnishees, whose liability would be increased in the event of his discharge, and in that proceeding determined.

*Appeal from Lee Circuit Court.*

WEDNESDAY, SEPTEMBER 22.

A. Bruce and Brown & Hanson, in separate actions in the Circuit Court of Lee county, recovered judgments against the Keokuk & Northern Railroad Company. Upon these judgments garnishment proceedings were instituted against Bower, Creasap and others. Upon the report of the referee, who took the answer of the garnishees, judgment was rendered against all of them, except Bower, for an amount equal to the claims of the plaintiffs in the respective judgments. But in order to settle the rights of the garnishees, as between themselves, the cause was sent back to the referee for the purpose of re-examining Bower and other garnishees. The court ordered the referee to report at the next term, and that the "causes be continued upon the docket for the purpose of making such subsequent orders and judgments therein as became necessary in settling all the substantial rights between the garnishees." In obedience to the order the referee re-examined Bower, and reported his action and proceedings as he was required to do. Subsequently Bower's co-garnishees filed a statement or petition in the respective garnishee proceedings, showing that Bower had subscribed for stock of the railroad company to the amount of $1000; that he now seeks to avoid payment upon the pretense that he holds a private writing from the president of the incorporation releasing him from liability, which they aver is void because the president had no authority to execute such an instrument. They aver in the petition or statement, that Bower was a director of the corporation, and that they were induced to subscribe by him and were not informed that his subscription was conditional. They also show that they

have paid certain sums upon the garnishment judgments against them, and that the garnishees other than themselves and Bower are insolvent. They file as an exhibit to the statement, the re-examination of Bower taken by the referee, a copy of the articles of incorporation of the railroad company, one article of which requires directors to be stockholders, and the papers and record enteries in the respective proceedings. They claim that Bower should be held liable upon the garnishee proceedings, and judgments should be rendered against him in favor of the respective plaintiffs at whose suit he and the petitioners were garnished. To this paper Bower interposed a demurrer on grounds which are set out in the abstract in the following language:

" To this petition, on April 3, 1873, R. F. Bower filed a demurrer:

1. That the Court had no jurisdiction, it being an original equitable proceeding.

2. That plaintiffs have not the capacity to sue in the proceeding as brought.

3. That there is a misjoinder of parties plaintiff; if the parties had any right of action it was several and not a joint action.

4. That the petition does not state facts sufficient to constitute a cause of action.

5. That by said petition are shown facts, which avoid the pretended cause of action set up by practitioners, for that J. L. Rice, referee, to whom the garnishments were referred, reported to the Court said Bower was not liable as garnishee, which report was approved by the Court, and no exceptions have been filed to the report, nor said answer controverted."

The demurrer was overruled, and judgment was rendered against Bower as garnishee, to which proper exceptions were taken. He now appeals to this court.

*Gillmore & Anderson*, for appellant.

Plaintiffs could not bring the action, since they had not paid the debt. Not having the right to sue for themselves, they

cannot institute an action to enforce a right in some one else who is competent to sue for himself.

The petition does not state facts sufficient to constitute a cause of action, since it does not allege that the conditions on which the subscription to the railway was made had been complied with; it does not allege that $40,000 had been subscribed by the citizens of Keokuk, or that the other conditions had been fulfilled. (*The B. & M. R. R. Co. v. Boestler*, 15 Iowa, 555; *Thompson v. Oliver*, 17 Id., 417; *The D. V. R. Co. v. Graff*, 27 Id., 99.)

The right of each of appellant's co-garnishees is not a joint right, in which all are interested; each has his several rights according to the amount of his subscription, if he has any at all. They cannot be joined as plaintiffs.

The Circuit Court had no jurisdiction in chancery until July, 1872. This petition having been filed in May 1872, the case, even if it had a proper equitable basis, could not be tried in that forum.

*McCrary, Miller & McCrary*, for appellees.

The court had jurisdiction of the case, it being not an equitable, but a garnishment proceeding, wherein judgment was rendered against some of the garnishees at one time, and against appellant at another.

There was not a misjoinder of parties plaintiff. The appellees were not plaintiffs, but simply co-garnishees, who had the right to interfere to prevent appellant from escaping the garnishment process served upon him in the original suit.

The private writing from the president of the company, to the effect that appellant's subscription was conditional, cannot avail him, because the president had no authority to execute it. Besides, he is estopped by his own acts, in the capacity of stockholder and director, from taking advantage of it. The articles of incorporation provide that the director must be a stockholder.

While appellant in his answer denied liability, in the same answer he admitted that he was a director and stockholder.

BECK, J.—I. From the abstract before us, we understand

Creasap v. Bower.

that the judgment in favor of the plaintiffs, at whose suits the garnishment process issued, did not equal the indebtedness of all of the respective garnishees upon their subscriptions for stock of the railroad corporation.

**1. GARNISHMENT: jurisdiction: practice.**

The statement of this fact will readily explain the interest which the garnishees, contesting with Bower, had in having him held upon his subscription. If he had been held discharged from his subscription, the other garnishees would have been held for the amount for which he was liable, if his subscription was valid. There were, therefore, questions between these garnishees and Bower, involving their rights, and their liability to pay a sum of money which they insisted he should pay. These rights, and the question of the liability of the respective parties may and ought to have been determined in the garnishment proceeding. No reason can be given why another action should have been commenced. The first three grounds of the demurrer of Bower are based upon a misconception of the proceedings. They are not of an original equitable action, nor of a new suit, but are of those pertaining to the garnishment. The parties' rights and liabilities are, by the paper demurred to, brought before this court for settlement in the garnishment proceedings.

II. The fourth ground of demurrer has already been disposed of by the expression of the conclusion that the co-garnishees of Bower had the right to insist that judgment be rendered against him, upon the facts stated by them in the paper demurred to.

III. The fifth ground of demurrer states matters of fact which are not made to appear to us as they are not set out in the petition.

IV. If any question exists as to the regularity of the garnishees asking relief against Bower in the form and manner of a petition, or statement filed in the garnishment proceeding, it is not raised in the demurrer.

V. The facts set out in the paper demurred to, if either admitted by the demurrer or established by proof, required such a judgment as was finally rendered by the court.

AFFIRMED.